UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RANDALL HUNT,<br><br>   Plaintiff(s),<br><br>   v.<br><br>AUTO-OWNERS INSURANCE COMPANY, et al.,<br><br>   Defendant(s). | Case No. 2:15-cv-00520-JCM-NJK<br><br>ORDER |

Presently before the court is plaintiff Randall K. Hunt's ("plaintiff") motion to remand. (Doc. # 8). Defendants Auto-Owners Insurance Company, Owners Insurance Company, and Auto-Owners Insurance Group (collectively "defendants") filed a response, (doc. # 10), and plaintiff filed a reply, (doc. # 12).

Also before the court is defendants' motion to dismiss for lack of personal jurisdiction. (Doc. # 11). Plaintiff filed a response, (doc. # 14), and defendants filed a reply, (doc. # 19).

**I. Background**

The instant action arises out of an insurance dispute. On April 25, 2013, in Clark County, Nevada, plaintiff was driving a motorcycle when an unidentified vehicle pulled in front of him. Plaintiff swerved to avoid the vehicle and lost control of his motorcycle. The motorcycle fell on its side and skidded for over 100 feet, causing plaintiff severe injuries. Plaintiff received treatment for his injuries, and continues to require medical care. (Doc. # 1-2).

At the relevant time, plaintiff possessed an automobile insurance policy with defendants. Plaintiff is a resident of Utah, and defendants are Michigan corporations licensed to do business in the state of Nevada. (Doc. # 1-2). Following the accident, plaintiff requested payment of his

**James C. Mahan**
**U.S. District Judge**

uninsured/underinsured motorist policy limit. Defendants refused to reimburse plaintiff pursuant to the policy. (Doc. # 1-2).

As a result of the foregoing, on February 10, 2015, plaintiff sued defendants in Nevada state court for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and unfair claims practices. Plaintiff seeks general, special, and punitive damages, as well as attorney's fees and costs. (Doc. # 1-2). On March 20, 2015, defendants removed the case to this court on diversity grounds. (Doc. # 1). The parties then filed the instant motions.

**II. Legal Standard**

*a. Motion to remand*

For a district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1098 (9th Cir. 2003).

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id.* Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

*b. Motion to dismiss*

To avoid dismissal for lack of personal jurisdiction on the pleadings, a plaintiff bears the burden of demonstrating that his or her allegations would establish a *prima facie* case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). A plaintiff must

James C. Mahan
U.S. District Judge

- 2 -

demonstrate jurisdiction over each defendant individually. *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990). However, allegations in the plaintiff's complaint must be taken as true and factual disputes should be construed in the plaintiff's favor. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Nevada has authorized its courts to exercise jurisdiction over persons "on any basis not inconsistent with . . . the Constitution of the United States." Nev. Rev. Stat. § 14.065. An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). For specific jurisdiction, a plaintiff must demonstrate that each nonresident defendant has at least "minimum contacts" with the relevant forum. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Id.* at 802. "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (internal citations omitted).

"The purposeful availment prong of the minimum contacts test requires a qualitative evaluation of the defendant's contact with the forum state, in order to determine whether [the defendant's] conduct and connection with the forum State are such that [the defendant] should reasonably anticipate being haled into court there." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003) (citations omitted) (internal quotation marks omitted).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

### III. Discussion

*a. Motion to remand*

Plaintiff contends that the direct action provision of 28 U.S.C. § 1332(c)(1) defeats diversity of citizenship in this case, such that remand is necessary. (Doc. # 8). As defendants note, plaintiff misreads this statute and downplays the effect of the controlling case law that interprets it.

28 U.S.C. § 1332(c)(1) provides, in relevant part:

> [A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen . . . .

28 U.S.C. § 1332(c)(1).

The Ninth Circuit has specifically held that this provision does not apply to a bad faith action by an insured against his insurer. *See Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 730 (9th Cir. 1993); *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901-02 (9th Cir. 1982); *see also Vargas v. Cal. State Auto. Ass'n Inter-Ins. Bureau*, 788 F.Supp. 462, 464 (9th Cir. 1992) (denying motion to remand on grounds that 28 U.S.C. § 1332(c)(1) does not apply to insured's bad faith action against her insurer).

The above statutory section was enacted in response to state "direct action" laws. *Beckham*, 691 F.2d at 901. These laws allow an injured party to sue a tortfeasor's insurer without joining the tortfeasor as a defendant. *Id.* The direct action provision of 28 U.S.C. § 1332(c)(1)(A) eliminates these tort suits from diversity jurisdiction in cases where both the injured party and the insured tortfeasor are citizens of the same state. *Id.*

Accordingly, the Ninth Circuit has held that 28 U.S.C. § 1332(c)(1) defeats diversity jurisdiction only where "the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured . . . ." *Id.* at 902 (citation and quotation marks omitted). In *Beckham*, the Ninth Circuit concluded that because

the plaintiff was suing the defendant insurer for its own bad faith rather than its insured's conduct, the district court properly found that diversity jurisdiction was present. *Id.*

Moreover, in *Searles*, the Ninth Circuit reversed the district court's dismissal without prejudice for lack of diversity jurisdiction in an insured's action against his own liability insurer. 998 F.2d at 728. In doing so, the court reiterated its interpretation in *Beckham* that "a bad faith action brought by an insured against the insurer is not a direct action within the meaning of 28 U.S.C. § 1332(c)(1)." *Searles*, 998 F.2d at 730 (internal quotation marks omitted).

Plaintiff brought the instant action against defendants for breach of contract and bad faith relating to his own insurance policy. (Doc. # 1-2). Because plaintiff could not bring the same claims against any alleged tortfeasor, the court finds that 28 U.S.C. § 1332(c)(1) does not defeat the parties' diversity of citizenship.

In support of his contrary reading of the statute, plaintiff cites *Chavarria v. Allstate Insurance Company*, 749 F. Supp. 220 (C.D. Cal. 1990). Notably, plaintiff mischaracterizes this district court case as a Ninth Circuit opinion. (Doc. # 8). *Chavarria* holds no such weight and is not binding on this court.

Further, in *Searles*, the Ninth Circuit expressly disapproved of *Chavarria* as improperly applying the standard set forth in 28 U.S.C. § 1332(c)(1). *Searles*, 998 F.2d at 729 ("The *Chavarria* decision does not follow binding Ninth Circuit precedent and has been criticized on this basis."). Accordingly, plaintiff's citation to *Chavarria* does not help plaintiff's case and fails to provide any rationale for remand here.

In support of his motion, plaintiff also cites the Supreme Court's decision in *Northbrook National Insurance Company v. Brewer*, 493 U.S. 6 (1989). Again, the *Searles* court rejected similar arguments in its discussion of the *Chavarria* decision. *Searles*, 998 F.2d at 729 ("[T]he narrow holding in *Northbrook* is not contrary to our interpretation of 'direct action' in *Beckham*."). Because the Ninth Circuit has found *Northbrook* inapplicable to bad faith actions such as plaintiff's, the Supreme Court's opinion in that case does not inform the appropriate result here.

**James C. Mahan**
**U.S. District Judge**

Plaintiff also spends pages of his motion and reply arguing why this court should reject the Ninth Circuit's interpretation of this issue. (Docs. # 8, 12). Plaintiff's arguments are far-fetched and unpersuasive. The cited portion of 28 U.S.C. § 1332(c)(1) does not apply to plaintiff's case and thus does not provide a convincing basis to remand.

For the foregoing reasons, plaintiff's motion to remand will be denied. The court will now address the merits of defendants' motion to dismiss.

*b. Motion to dismiss*

Defendants argue that the court should dismiss this case under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Defendants assert that their connections with Nevada are insufficient to establish the minimum contacts required for Nevada courts to exercise jurisdiction over them. (Doc. # 11).

As with plaintiff's motion to remand, the parties' dispute over personal jurisdiction in this case centers on a reading of Ninth Circuit case law. Plaintiff contends that this court may exercise personal jurisdiction over defendants because the policy at issue provided nationwide coverage. (Doc. # 14).

It is undisputed that this court does not possess general personal jurisdiction over defendants. (Docs. # 11, 14). Defendants' contacts with Nevada are far from substantial or continuous. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The court also finds that defendants have insufficient contacts with Nevada to warrant specific personal jurisdiction here. Defendants sold plaintiff an insurance policy in Utah, where he resides. By doing so, defendants purposefully availed themselves of the privilege of conducting business with plaintiff in Utah, not Nevada. Plaintiff's claims arise out of a contractual dispute over that insurance policy. (Doc. # 1-2).

Plaintiff provides no evidence establishing the requisite minimum contacts over defendants in Nevada. The fact that the accident occurred in Nevada is insufficient to warrant this court's

personal jurisdiction over defendants, as the location of the accident does not reflect any purposeful availment on the part of defendants.[1]

Plaintiff cites *Farmers Insurance Exchange v. Portage La Prairie Mutual Insurance Company*, 907 F.2d 911 (9th Cir. 1990), and *Arbella Mutual Insurance Company v. Eighth Judicial District Court*, 134 P.3d 710 (Nev. 2006), in support of his argument that the court possesses specific personal jurisdiction over defendants.[2]

In *Farmers*, the Ninth Circuit held that because the insurer contracted to indemnify and defend claims against the insured, the insurer had availed itself of the forum by including a nationwide territory clause in the insured's policy. 907 F.2d at 912-14. Relying on *Farmers*, the Nevada Supreme Court held that a nationwide territory clause subjected an insurer to personal jurisdiction in a bad faith action. *See Arbella*, 134 P.3d at 714.

However, more recently, the Ninth Circuit has clarified the narrow scope of its holding in *Farmers*. *See King*, 632 F.3d at 580 n.10. *King* addressed personal jurisdiction over an insurer in a bad faith action arising out of an accident in Montana. *Id.* at 579-80. The insurance policy at issue in *King*, executed in Colorado with Colorado residents, provided nationwide territory coverage. *Id.* at 572, 580.

Relying on the Montana Supreme Court's opinion in *Carter v. Mississippi Farm Bureau Casualty Insurance Company*, 109 P.3d 735 (2005), the Ninth Circuit in *King* found that the insurer's agreement to provide nationwide coverage was not sufficient to establish minimum contacts in a bad faith action in Montana. *King*, 632 F.3d at 580.

---

[1] In his response to defendants' motion to dismiss, plaintiff further contends that a number of witnesses in this case reside in Nevada. (Doc. # 14). These arguments relate to the appropriate venue for this case, and do not alter this court's personal jurisdiction over defendants.

[2] Plaintiff also alleges that defendants are licensed to conduct business in Nevada. (Doc. # 1-2). In their motion to dismiss, defendants correctly argue that this allegation, as well as the fact that defendants may be subject to service of process in Nevada, does not establish personal jurisdiction in this case. (Doc. # 11). While plaintiff does not reference these allegations in arguing against dismissal, the court wishes to note that any such claims would also be insufficient to bring defendants within this court's jurisdiction. *See King v. Am. Fam. Mut. Ins. Co.*, 632 F.3d 570, 578 (9th Cir. 2011); *Freeman v. Second Jud. Dist. Ct.*, 1 P.3d 963, 964 (Nev. 2000).

**James C. Mahan**
**U.S. District Judge**

- 7 -

1  In so holding, the *King* court specifically distinguished *Farmers* on the grounds that *Farmers* was an indemnity case. *Id.* By adopting the reasoning and holding of *Carter*, the Ninth Circuit suggested that a nationwide territory clause alone is insufficient to subject defendants to personal jurisdiction over any contractual dispute in any given forum. Rather, *King* indicates that the holding of *Farmers* is limited to cases arising out of defendants' duties to indemnify and defend claims in any state. *See id.*; *Carter*, 109 P.3d at 358.

Based on the relevant facts and case law, the court finds that it lacks personal jurisdiction over defendants in this case. Contracting to indemnify and defend establishes minimum contacts by creating an obligation to assist the policyholder with covered lawsuits in covered jurisdictions. However, plaintiff is suing defendants in this case based on a denial of a claim, not any duty to indemnify. Defendants' insurance contract, executed in Utah with a Utah resident, does not suffice to establish minimum contacts with Nevada for a bad faith action.

Consequently, plaintiff has failed to show that defendants purposely availed themselves of doing business in Nevada. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003). As a result, the court need not address the remaining two factors of the test for specific personal jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The court finds that defendants are not subject to personal jurisdiction in Nevada. The court will therefore grant defendants' motion to dismiss without prejudice to the extent that plaintiff may file his case in the appropriate forum.

### IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand, (doc. # 8), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to dismiss for lack of personal jurisdiction, (doc. # 11), be, and the same hereby is, GRANTED.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 8 -

1   IT IS FURTHER ORDERED that the instant case be, and the same hereby is, DISMISSED
2   without prejudice, to the extent that plaintiff may file his case in the appropriate forum.
3   The clerk shall enter judgment accordingly and close the case.
4   DATED June 10, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**